THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BEDROS HAMPARTJOOMIAN, Appellant.

(Submitted February 4, 1910; decided March 1, 1910.)

APPLICATION by the counsel assigned to defend an appeal in a capital case for compensation under section 308 of the Code of Criminal Procedure.

*William H. Wood* and *Emmet J. Murphy* for application.

No one opposed.

VANN, J. The appeal of the defendant from the judgment of death pronounced against him was decided by us on the 19th of October, 1909, when the conviction was affirmed. (*People* v. *Hampartjoomian*, 196 N. Y. 77.)

In considering the appeal we observed the long delay between the date when it was taken, December 5th, 1907,

and the date when it was argued, June 7th, 1909. As long periods of delay in the argument of appeals in capital cases are too common, we felt that criticism was necessary in order to prevent it in the future, and accordingly we said in our opinion that "So long a delay is a reproach to the administration of justice, and no allowance will be made to counsel until a satisfactory excuse is presented to the court."

As it now appears the criticism was not applicable to the learned counsel assigned to prosecute the appeal, who faithfully protected the interests of the defendant without in any way departing from their duty to the court and the public as members of the bar. It was conclusively shown upon this application that the delay was owing to the request of the district attorney, who, being of the opinion that the defendant was the agent of others in committing the crime, asked the defendant's counsel not to move the appeal for argument until he had time to discover the truth, assuring them that a full and truthful disclosure would be brought to the attention of the governor upon any application for clemency. It seemed for some time as if the effort of the district attorney would be successful and that the parties believed to have instigated the crime would be discovered through the disclosures of the defendant, but he proved obdurate to the last and went to his death without telling what he admitted he knew, although he realized that it would probably save his life. His counsel co-operated with the district attorney by delaying the argument, as requested, until further effort was deemed useless and, as soon as they learned that delay was no longer necessary, they promptly argued the appeal.

Thus it appears that the object of the delay was not to hinder but to promote justice, and that the action of the counsel for the defendant, instead of being open to censure, was worthy of commendation. We gladly retract our criticism as applied to them, but allow it to stand as applied to cases of long delay with no adequate reason therefor.

The usual allowance for compensation and expenses will be made.

All concur.